UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **BRENITA F. PULLAM** | : | **DOCKET NO.  06-cv-1771** |
| **VS.** | : | **JUDGE MINALDI** |
| **MICHAEL ASTRUE, COMMISSIONER OF SOCIAL SECURITY** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is plaintiff's petition for review of the Commissioner's denial of social security disability benefits.  The matter has been referred to the undersigned magistrate judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

After a review of the entire administrative record and the briefs filed by the parties, and pursuant to 42 U.S.C. § 405(g), the undersigned finds that the Commissioner's decision is not consistent with relevant legal standards and should be REMANDED.

**BACKGROUND**

Plaintiff Brenita F. Pullam ("Pullam" or "Plaintiff") filed her application for Supplemental Security Income ("SSI") on October 8, 2003, alleging disability since September 25, 2003 due to a seizure disorder (Tr. 33, 34-35).  Pullams's application was denied at the initial and reconsideration stages and, pursuant to her request, a hearing was held on June 23, 2005.  Pullam was unrepresented at the hearing.  She testified (Tr. 206-217, 226-228), as did George S. Dixon, Sr., Pullam's uncle (Tr. 217-219), and Karen E. Nielsen, Ph.D., a vocational expert ("VE") (Tr. 220-223).  The Administrative Law Judge ("ALJ") issued a decision on February 23, 2006 (Tr. 11-15).  The ALJ determined that although Pullam's seizure disorder, liver disease,

and substance abuse constituted severe impairments within the meaning of the Act, she did not have an impairment, nor a combination of impairments that met or equaled an Appendix 1 Listing (Tr. 12). The ALJ further determined that Pullam retained the capacity to perform a modified level of light work that did not entail operating dangerous machinery or working at heights (Tr. 13-14). Relying on the testimony of a vocational expert ("VE") (Tr. 220-221), the ALJ determined that Pullam could perform a significant number of jobs in the local or national economy.

After a properly filed appeal, the Appeals Council concluded on May 16, 2006, that there was no basis for review of the ALJ's decision. (Tr. 4-6). Accordingly, the ALJ's decision became the final decision of the Commissioner. (Tr. 3-5).

Pullam now seeks judicial review of this final administrative decision pursuant to 42 U.S.C. § 405 (g). Pullam asserts two errors. First, Pullam claims that she was denied due process of law because she was not fully apprised of her right to counsel. Second, Pullam contends that the ALJ posed a defective hypothetical question to the VE, resulting in a flawed determination of Pullam's residual functional capacity ("RFC").

## **STANDARD OF REVIEW**

The court's review of the ultimate decision of the Commissioner is limited to determining whether the administrative decision is supported by substantial evidence and whether the decision is free of legal error. *Dellolio v. Heckler*, 705 F.2d 123 (5th Cir. 1993). Where the Commissioner's decision is supported by substantial evidence, the findings therein are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a

conclusion. *Id.* at 401. The Commissioner's decision is not supported by substantial evidence when the decision is reached by applying the improper legal standards. *Singletary v. Brown*, 798 F.2d 818 (5th Cir. 1986).

When appearing before the ALJ, Plaintiff had the burden of proof to establish a medically determinable physical or mental impairment that prevented her from engaging in any substantial gainful activity for at least twelve consecutive months. 42 U.S.C. § 1382c(a)(3)(A); *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). A finding of no substantial evidence is appropriate only if there are no credible evidentiary choices or medical findings to support the decision. *Johnson v. Bowen,* 864 F.2d 340, 343-344 (5th Cir. 1988). The reviewing court may not re-weigh the evidence, try the issues *de novo*, or substitute its judgment for that of the Secretary. *Greenspan v. Shalala*, 38 F.3d 232 (5th Cir. 1994).

## LAW AND ANALYSIS

### A.  Due Process

Disability benefits claimants enjoy due process guarantees. *Tanner v. Secretary of Health and Human Services*, 932 F.2d 1110 (5th Cir. 1991). In particular, a claimant has a statutory right to counsel at a Social Security hearing. 42 U.S.C. § 406; *Clark v. Schweiker*, 652 F.2d 399 (5th Cir. 1981); *Cowart v. Schweiker*, 662 F.2d 731 (11th Cir. 1981); *Gullett v. Chater*, 973 F.Supp. 614 (E.D. Tex. 1997). The Commissioner has a duty to notify the claimant of this right prior to his or her hearing. *Clark*, 652 F.2d at 403. Any waiver of the right to counsel "must be clearly expressed or strongly implied from the circumstances." *Tanner*, 932 F.2d at 1113 (internal quotation and citations omitted).

Furthermore, an ALJ has a duty to fully and fairly advise a claimant about her right to

representation. Commissioner's Hearing, Appeals and Litigation Law Manual ("HALLEX") I-2-6-52 (A). The Commissioner's HALLEX is binding upon the ALJ. *Newton v. Apfel*, 209 F.3d 448, 459 (5th Cir. 2000). In addressing the significance of this manual, the Fifth Circuit Court of Appeals has stated:

> While HALLEX does not carry the authority of law, this court has held that "where the rights of individuals are affected, an agency must follow its own procedures, even where the internal procedures are more rigorous than otherwise would be required." If prejudice results from a violation, the result cannot stand.

*Newton*, 209 F.3d at 459 (quoting *Hall v. Schweiker*, 600 F.2d 116, 119 (5th Cir. 1981)).

In the instant matter, the ALJ's decision of February 23, 2006 states that "[a]lthough the claimant was fully apprised of the right to counsel, she chose to proceed without a representative." (Tr. 11). Pullam argues, however, that there is no evidence in the record to support the contention that she waived her right to representation.

While Plaintiff concedes that the written notice of hearing (Tr. 30) contains language urging her to obtain counsel if she so desired, Pullam contends that this was the only notice she received. Moreover, Plaintiff directs the court's attention to the transcript of the hearing, which contains no evidence that the ALJ advised Pullam of her right to counsel or inquired whether she understood that right and wished to waive it. Pullam contends that the ALJ's complete failure to so much as mention the right to counsel constitutes a failure of a statutory duty to fully and fairly advise her of that right. Pullam cites *Freeman-Park v. Barnhart*, 435 F.Supp. 2d 597, (E.D. Tex. 2006) for the proposition that an ALJ must provide *oral* notification at the hearing to ensure that a *pro se* claimant is aware of options for obtaining counsel and that any waiver of that right is knowingly and intelligent.

Defendant concedes that a claimant is entitled to adequate notice of her right to counsel at

her hearing before the ALJ. (Def. Brief, p. 4).  However, the Commissioner argues that the transcript shows that Pullam was given adequate notice of her right to representation and freely chose to forego representation.  In support of that argument, Defendant explains that Pullam was given written notification on May 3, 2004, immediately following her request for a hearing, and June 1, 2005, twenty-two days before the hearing, that she could choose to be represented by an attorney or other representative.  (Tr. 24, 30). In addition, Defendant claims that a leaflet entitled "Social Security and Your Right to Representation" was enclosed along with a list of groups that could assist Plaintiff in her search for an attorney.  (Tr. 25).

The undersigned finds that the ALJ's failure to apprise Pullam of her right to counsel at the hearing, as required by the Commissioner, renders any alleged waiver of the right to counsel ineffective.  The record is devoid of any evidence of express waiver.  While waiver may be implied by the circumstances, the record contains insufficient circumstantial evidence to conclude that Pullam knowingly and intelligently waived her right to representation at the hearing.

Invalid waiver alone, however, is not enough to remand the cause.  Plaintiff must show prejudice to merit remand.  *Brock v. Chater*, 84 F.3d 726, 729 n. 1 (5th Cir. 1996) (citing *Kane v. Heckler,* 731 F.2d 1216, 1220 (5th Cir.1984)).  Prejudice is established by showing that counsel "could and would have adduced evidence that might have altered the result."  *Brock*, 84 F.3d at 728; *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995); *Bowling v. Shalala*, 36 F.3d 431, 437 (5th Cir. 1994).

Pullam argues that if represented, counsel would have obtained the additional medical records alluded to at the hearing.  (Tr. 227-228).  Pullam also contends that counsel would have

5

followed up on missing information about prescriptions and any documented side effects. (Tr. 53-54). In addition, Plaintiff argues that counsel would have directed the ALJ's attention to Pullam's abdominal disorders and pain in order to have these maladies incorporated into the evaluation of impairment at step two of the process. Finally, Pullam argues that counsel would have effectively cross-examined the VE about additional impairments—such as heat intolerance, pain, and fatigue—not incorporated in the ALJ's hypothetical question but documented in the record.

      Defendant responds that the record lacks evidence that Plaintiff suffered any side effects from medication, and the medical evidence of Plaintiff's abdominal disorder, which is already contained in the record, does not rise to the level of a disabling condition. Moreover, Defendant submits that, while Pullam argues that additional evidence might have affected the outcome of the ALJ's decision, no further evidence has been submitted by Plaintiff's new attorney that supports Plaintiff's claim for benefits. Finally, Defendant argues that because the requirements of the jobs identified by the VE are consistent with Pullam's functional capacity for a modified level of light work, the absence of an attorney representative to cross-examine the VE at the hearing also fails to support Pullam's contention that the ALJ's decision should be reversed and remanded.

      The undersigned finds that Pullam has met her burden to demonstrate that, if represented at the hearing, counsel could and would have adduced evidence that might have altered the result. Pullam asserts that counsel would have obtained the medical records of her surgery in early 2003 at Moss Regional Medical Center, the information from which allegedly pertained to seizures. (Tr. 212-213). Furthermore, Pullam contends that counsel would have tracked down

information regarding her medications from Walgreens—information not contained in the record—with the goal of indentifying any documented side effects.  Furthermore, counsel may have elicited from Pullam the reason or reasons she often failed to take her seizure medications, which reasons may have objective underpinnings.  The undersigned therefore agrees with Pullam that counsel could have and would have adduced additional evidence relevant to the ALJ's assessment.

For prejudice to result, the court must find that this additional evidence might have altered the decision.  Although the ALJ concluded that Pullman's medications lack documented side effects, the ALJ failed to determine what additional medications she may have been prescribed.  Pullam's current counsel suggests that further investigation might have altered the ALJ's finding about side-effects or drug interactions.  In addition, the undersigned agrees that if counsel cross-examined the VE about Pullam's other documented impairments, the VE's testimony might have been different.  Because the standard is whether additional evidence "might have altered the result," *Brock, supra*, this finding suffices to establish prejudice arising from an invalid waiver of right to counsel.

Furthermore, the undersigned finds that Pullam was prejudiced by the ALJ's failure to meet his duty to develop the record.  When a claimant proceeds *pro se,* an ALJ has a heightened duty "to develop the facts fully and fairly and to probe conscientiously for all of the relevant information." *Gullett,* 973 F.Supp. at 622 (quoting *Ware v. Schweiker,* 651 F.2d 408, 414 (5th Cir.1981)). When the ALJ fails in this duty, remand is appropriate if claimant was prejudiced by an inadequately developed record.  *Id.* at 622 (citing *Binion v. Shalala,* 13 F.3d 243, 245 (7th Cir.1994)).   Here, the ALJ either should have abated the proceedings and obtained the additional

prescriptions and medical records that plaintiff identified at the evidentiary hearing, (Tr. 53-54, 227-228), or should have made an explicit finding for his reasons for not doing so. A review of the record suggests that this additional evidence was never adduced. Therefore, because the ALJ did not meet his heightened duty, Pullam was prejudiced.

### B. Defective Hypothetical Question

Because the undersigned finds that the failure to obtain a knowing and intelligent waiver of Pullam's right to counsel necessitates remand, the court need not reach the question of whether the ALJ posed a defective hypothetical question to the VE.

### **CONCLUSION**

Because Pullam did not knowingly and intelligently waive her right to counsel, and because Pullam was thereby prejudiced, the Commissioner's decision denying Pullam disability benefits should be reversed. Accordingly, it is recommended that his matter be REMANDED, pursuant to the fourth sentence of 42 U.S.C. § 405(g), for further proceedings consistent with the foregoing.

Under the provisions of 28 U.S.C. § 636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL**

**CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 1st day of July, 2008.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE